**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 97-20934
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HOMERO HINOJOSA GARCIA; PEDRO
ELIZONDO GARZA,

                                        Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-36-2-3
- - - - - - - - - -
March 4, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Homero Hinojosa Garcia and Pedro Elizondo Garza appeal from their sentences on remand. In their initial direct appeal, we affirmed Garcia's and Garza's conviction for conspiracy to possess with intent to distribute, in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. United States v. Garza, 118 F.3d 278, 280 (5th Cir. 1997). We reversed their money laundering conviction, however, and remanded the case for resentencing in accordance with this disposition. Id. at 285. On

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remand, the district court determined that, because their initial sentences were based solely on their drug-conspiracy conviction because it produced the highest offense level of the counts of conviction, see U.S.S.G. § 3D1.3, the reversal of the money laundering conviction had no effect on their sentences upon resentencing. The district court therefore again sentenced Garcia to the 405 months' imprisonment and Garza to 365 months' imprisonment, as it had done during the initial sentencing.

We need not address the various issues Garcia and Garza attempt to raise on appeal concerning the validity of their cocaine-conspiracy conviction. On an appeal following remand, the only issue for consideration is whether the court below reached its final decree in due pursuance of this court's previous opinion and mandate. Burroughs v. FFP Operating Partners, L.P., 70 F.3d 31, 33 (5th Cir. 1995). The district court complied fully with this court's opinion and mandate and did not err when it resentenced Garcia and Garza.

The district court, however, committed reversible error by failing to address Garcia and Garza personally at resentencing to inquire whether the defendants desired to speak in mitigation of punishment. See United States v. Myers, 150 F.3d 359, 461-65 (5th Cir. 1998). The sentencing court's failure to comply with this rule requires a remand. Id. at 462-63. The case is therefore REMANDED to the district court for resentencing in accordance with this opinion.

AFFIRM in part; VACATE and REMAND in part.